Tucker, P.
It is within the recollection of the counsel and of one of the bench, that the court did agree to reconsider the application for a supersedeas in this case, at the same term at which it was denied; and the court must presume, I think, that a direction was given to the clerk to make an entry setting aside the order by which it was denied. If not, then there was at least an omission on the part of the court to direct the entry, which was one necessarily consequent upon the agreement to reconsider. If there was such an order, and it was *269 omitted to be entered by the clerk, the case seems to be very nearly if not exactly similar to that of Beasley v. Owen, 3 Hen. & Munf. 449. There are other cases also in the books, in which similar omissions and mislakes have been remedied at subsequent terms of this court. Such was the case of Thornton v. Corbin, 3 Call 232. and such was said by Mr. Call in 3 Hen. & Munf. 449. to have been the case of Murray v. Carrot Sf Co. though the point does not appear in the report of the case in 3 Call 373. We have recently, I think, acted upon the same principle in a case the name of which has escaped me.* It seems, indeed, essential that this court should exercise the power upon motion of correcting mere clerical errors or omissions in the orders of the court; and 1 should, therefore, be disposed to proceed to reconsider this case, but for some considerations peculiar to it.
In the first place, this application has been most unreasonably postponed, and for that reason is not entitled to favour. The fact, moreover, that this delay was of purpose, and that the application was considered as abandoned, renders it still more improper at this time to interfere. Whether the paupers are really still prosecuting their claim to freedom or not, we know not; but certain it is, that the interference of Erskine himself (as stated by the counsel) suggesting that the application should be waived, would seem to indicate that the case is under the control of their adversary rather than prosecuted by themselves. This has led me to reflect upon the relation of the parties.
And here I find, secondly, that according to the special verdict Erskine is not the owner of the plaintiffs, if they are slaves. They were bequeathed by M’ Coy to Mrs. Crouch for life, and after her death to Thomas and George Fakes. Mrs. Grouch held them during her life, when her title ceased. By her will she made Erskine *270 her executor, but as her title expired with her last breath, he had no title to hold them as her executor. su^> tfreref°reJ is not against the persons entitled. It cannot therefore bind them, if the slaves succeed. ]\j01. can they take advantage of the judgment if against the slaves; for the effect of a judgment must be mutual, and as they would not be bound by it, so neither can they have advantage of it. The slaves may sue them it/forma pauperis, and this judgment will be no bar if they can shew title to their freedom. It is, therefore, evidently of no importance to the slaves to allow this appeal; and I am therefore of opinion that the motion to reconsider be rejected, as the reconsideration would ' be nugatory.
Carr, J.
Without admitting or denying the power of the court to correct errors of this sort, after the term (a question on which I have not made up my mind), I am clearly of opinion that it is a power which ought to be very cautiously exercised,—in cases only where the mistake is very clearly made out, and the application very recent; neither of which marks the case before . us. I am therefore decidedly of opinion, that we ought not now to look into the record.
The other judges concurring in refusing to reconsider the application for a supersedeas, motion overruled.

Note by reporter. See Pugh’s ex’or v. Jones, 6 Leigh 299.